Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111
Telephone: 415.882.8200
Facsimile: 415.882.8220

*Attorneys for Plaintiff*
Corsair Gaming, Inc. d/b/a CORSAIR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Corsair Gaming, Inc. d/b/a CORSAIR,<br><br>Plaintiff,<br><br>v<br><br>METRO ELECTRO INC.,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Corsair Gaming, Inc. d/b/a CORSAIR ("Plaintiff" or "CORSAIR"), by and through its undersigned counsel, complains of the conduct of Defendant Metro Electro Inc. d/b/a Amazon Seller Next Generation Tech (Amazon Seller ID: AV8O4Z9TF46IP) ("Defendant") and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. CORSAIR seeks injunctive relief and monetary damages for Defendant's false advertising, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*., common law conversion, and Business and Professions Code § 17200 *et seq.* from Defendant's wrongful and infringing promotion and sale of CORSAIR's products, including the sale of stolen goods, through online commerce sites including but not limited to, Amazon.com. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable harm of CORSAIR.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. Defendant is subject to personal jurisdiction in this forum because Defendant misrepresented the nature of products to residents of the State of California and this District; because Defendant has sold products to residents of the State of California and this District; because Defendant has caused injury to CORSAIR's trademarks in the State of California and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the State of California and this District; because CORSAIR advised Defendant via a cease and desist letter that it could be hailed into California to face litigation; because Defendant regularly conducts or solicits business within the State of California and

1  this District; because Defendant regularly and systematically directs electronic
2  activity into the State of California and this District with the manifest intent of
3  engaging in business within the State of California and this District, including the
4  sale and/or offer for sale of products to Internet users within the State of California
5  and this District, as well as, upon information and belief, entry into contracts with
6  residents of the State of California and this District through the sale of items through
7  various online retail platforms.

8      4.   Similarly, venue is proper in this judicial district under 28 U.S.C. §
9  1391.

## PARTIES

11     5.   Plaintiff Corsair Gaming, Inc. is a Delaware corporation with its
12  principal place of business in Milpitas, California. CORSAIR designs, manufactures,
13  and sells a variety of high-performance computer and gaming products in the United
14  States under the "CORSAIR," "elgato," "ORIGIN PC," "SCUF," and "Drop" brand
15  names (the "CORSAIR Products").

16     6.   Defendant Metro Electro Inc. is a New York corporation with its
17  principal place of business located at 889 Metropolitan Ave, Brooklyn, NY 11206.
18  Defendant does business or has done business within the State of California and this
19  District through various online commerce sites, including, but not limited to,
20  Amazon.com under the Amazon seller name "Next Generation Tech" (Seller ID:
21  AV8O4Z9TF46IP). Defendant is an unauthorized reseller of CORSAIR Products.

## FACTS GIVING RISE TO THIS ACTION

**A.   CORSAIR's Trademark Usage**

24     7.   The U.S. Patent and Trademark Office ("USPTO") has issued several
25  registrations for marks used with computer and gaming products (hereinafter, the
26  "CORSAIR Marks"). The CORSAIR Marks include, but are not limited to:

| Mark | Registration Date | Registration Number |
|---|---|---|
| **CORSAIR** | February 20, 2007 | 3,209,882 |

8. The CORSAIR Marks have been in continuous use since at least their respective dates of registration.

9. Said registrations are in full force and effect, and the CORSAIR Marks are incontestable pursuant to 15 U.S.C. § 1065.

10. CORSAIR advertises, distributes, and sells its products to consumers under the CORSAIR Marks.

11. The CORSAIR Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the CORSAIR Marks.

12. CORSAIR has invested significant time, money, and effort in advertising, promoting, and developing the CORSAIR Marks throughout the United States and the world. As a result of such actions, CORSAIR has established substantial goodwill and widespread recognition in its CORSAIR Marks, and those marks have become associated exclusively with CORSAIR and its products by both customers and potential customers, as well as the general public at large.

13. To create and maintain goodwill among its customers, CORSAIR has taken substantial steps to ensure that products bearing the CORSAIR Marks are of the highest quality. As a result, the CORSAIR Marks have become widely known and are recognized throughout the State of California and this District, the United States, and the world as symbols of high quality products.

14. CORSAIR is not now, nor has it ever been, affiliated with Defendant, and Defendant is not authorized to use the CORSAIR Marks.

**B.     Defendant's Infringing and Improper Conduct**

15.     Defendant has sold and is currently selling products bearing the CORSAIR Marks on several online retail platforms, including, but not limited to, Amazon.com (the "Websites").

16.     CORSAIR has never authorized or otherwise granted Defendant permission to sell CORSAIR Products.

17.     Defendant represents that the CORSAIR Products it offers for sale on the Websites are "new" despite the fact that they are stolen and/or non-genuine product of unknown origin.

18.     Because Defendant purchases CORSAIR Products from unauthorized channel or black market channels, it is unaware of the condition or the prior chain of custody of the CORSAIR Products it sells.  Therefore, all CORSAIR Products sold by Defendant are non-genuine products.

19.     Below is an example of Defendant's product listings advertising products bearing the CORSAIR Marks to consumers in the United States on the Internet:



4
COMPLAINT AND DEMAND FOR JURY TRIAL



20. Defendant's advertisement of CORSAIR Products and use of the CORSAIR Marks provide customers with a false assurance that the products they purchase from Defendant conform with CORSAIR's high standards and work as intended, when in fact they are receiving non-genuine CORSAIR Products.

21. Defendant falsely advertises the CORSAIR Products it offers for sale and sells on the Internet to United States consumers using the CORSAIR Marks.

22. Specifically, Defendant advertises "new" CORSAIR Products but fulfills orders with stolen or non-genuine product of unknown origin.

23. Upon information and belief, Defendant is in possession of and selling stolen CORSAIR Products.

24. On or about May 22, 2025, Defendant advertised a "Elgato HD60 X" on its Amazon.com Seller Page.

25. CORSAIR purchased this product on the same day. Upon receipt of the product and further investigation, CORSAIR determined that the product's serial number matched to the serial number of a product from a stolen December 2024 CORSAIR shipment (the "Stolen Shipment").

26. Upon information and belief, Defendant is in possession of, has sold, and is currently selling stolen CORSAIR Products from the December 2024 shipment.

27. Defendant knowingly advertises the stolen and/or non-genuine products as "new" to consumers in the United States. By doing so, Defendant falsely represents and/or creates the false impression that the products are authentic CORSAIR products when in fact, they are stolen or non-genuine product of unknown origin.

28. In addition to harm to consumers, the sale of stolen and non-genuine CORSAIR Products directly harms CORSAIR. When consumers purchase CORSAIR Products from Defendant, they expect that the products they receive are new and in proper working order. Instead, their image of CORSAIR is diminished because they receive stolen or non-genuine product of unknown origin. CORSAIR's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendant's conduct, CORSAIR suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

29. Offering CORSAIR Products as "new" despite the fact that they are stolen and/or non-genuine product of unknown origin results in poor brand experiences such as the above.

30. Defendant's conduct results in consumer confusion, the dilution of CORSAIR's goodwill and trade name, as well as lost sales and profits of actual "new" CORSAIR Products.

**C.     Likelihood of Confusion and Injury Caused by Defendant's Actions**

31. Defendant's actions substantially harm CORSAIR by selling stolen CORSAIR Products and placing falsely advertised, unwarranted CORSAIR Products into the stream of commerce in the United States.

32. Defendant's advertisement and sale of stolen and/or non-genuine products bearing the CORSAIR Marks has caused – and is likely to continue causing

– consumer confusion by representing to consumers that the CORSAIR Products offered by sale by Defendant are "new" when they are not.

33. Defendant's advertisement and sale of stolen and/or non-genuine products bearing the CORSAIR Marks has caused – and is likely to continue causing – consumer confusion and disappointment regarding CORSAIR's sponsorship or approval of those products, creating a false designation of origin in the minds of consumers.

34. Defendant's actions substantially harm CORSAIR's goodwill and reputation when consumers learn that the products bearing the CORSAIR Marks they have purchased from Defendant are not as advertised and from a far less reputable reseller than it appeared.

35. Defendant's conduct results in consumer confusion as well as the dilution of CORSAIR's goodwill and trade name, as consumers are not receiving the products they believe they are purchasing.

36. Defendant's conduct as described herein results in the lessening of sales of genuine, properly advertised CORSAIR Products, to the detriment of CORSAIR.

37. As a result of Defendant's actions, CORSAIR is suffering a loss of the enormous goodwill it created in the CORSAIR Marks.

38. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to CORSAIR's irreparable harm.

## COUNT I

**False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

39. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

41. CORSAIR engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the CORSAIR Marks, throughout the United States.

42. The CORSAIR Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing CORSAIR's products and services.

43. By selling or distributing products using the CORSAIR Marks that are different from those sold by CORSAIR as alleged herein, Defendant is engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to CORSAIR and its goods and services in violation of 15 U.S.C. § 1125(a).

44. By advertising or promoting products using the CORSAIR Marks that are different from those sold by CORSAIR as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

45. Defendant's continued use of the CORSAIR Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

46. Defendant has used, and continues to use, the CORSAIR Marks to sell products that are different from those sold by CORSAIR in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to CORSAIR's goodwill and reputation as symbolized by the CORSAIR Marks, for which CORSAIR has no adequate remedy at law.

47. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

48. By selling and advertising products under the CORSAIR Marks that are different from those sold by CORSAIR, Defendant is using the CORSAIR Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without CORSAIR's consent. Defendant is falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, CORSAIR and its goods and services in violation of 15 U.S.C. 1125(a). Accordingly, CORSAIR is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

49. As a direct and proximate result of Defendant's actions, CORSAIR has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless their conduct is enjoined, CORSAIR's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, CORSAIR is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

### False Advertising in Violation of 15 U.S.C. § 1125(a)

50. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products. These false statements actually deceive, or have a tendency to deceive, a substantial segment of CORSAIR's customers and potential

1 customers. This deception is material in that it is likely to influence the purchasing decisions of CORSAIR's customers.

52. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

53. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to CORSAIR for which there is no adequate remedy at law. As such, CORSAIR is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

54. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the CORSAIR Marks, thereby causing immediate, substantial, and irreparable injury to CORSAIR.

55. Pursuant to 15 U.S.C. § 1117, CORSAIR is entitled to recover from Defendant the damages sustained by CORSAIR as a result of Defendant's acts in violation of Section 43 of the Lanham Act.

56. Pursuant to 15 U.S.C. § 1117, CORSAIR is also entitled to recover from Defendant the gains, profits, and advantages that they have obtained as a result of its unlawful acts. CORSAIR is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

57. Pursuant to 15 U.S.C. § 1117, CORSAIR is further entitled to recover the costs of this action. Moreover, CORSAIR is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling CORSAIR to recover additional damages and reasonable attorneys' fees.

//
//

COMPLAINT AND DEMAND FOR JURY TRIAL

## COUNT III

### Common Law Conversion

58. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. CORSAIR has an ownership and possessor interest in its products.

60. Defendant is in possession of products stolen from CORSAIR.

61. Defendant is not entitled to CORSAIR's property in any way.

62. Defendant intentionally, improperly, and unlawfully exercised dominion and control over CORSAIR's Products by offering to sell and selling the stolen CORSAIR Products.

63. As a direct and proximate result of the foregoing willful, wanton, reckless, and malicious conduct of Defendant, CORSAIR's property has been misappropriated and CORSAIR has incurred substantial economic loss.

## COUNT IV

### Violation of Business and Professions Code § 17200 *et seq.*

64. CORSAIR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65. The California Unfair Competition Law, codified at Business and Professions Code § 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

66. Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code § 17200, *et seq.*

67. Defendant's misconduct has a tendency and likelihood to deceive members of the public.

68. The foregoing acts and practices have caused substantial harm to CORSAIR.

69. As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, CORSAIR has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

70. Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving CORSAIR of property and/or legal rights or otherwise causing injury. Defendant's conduct subjected CORSAIR to unjust hardship in conscious disregard of the Plaintiff's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling CORSAIR to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

**WHEREFORE,** CORSAIR prays for judgment against Defendant as follows:

A. Finding that, (i) as to Count I, Defendant's unauthorized sale of CORSAIR Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); (ii) as to Count II, Defendant's false advertisement of CORSAIR Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); (iii) as to Count III, Defendant's sale of CORSAIR products constitutes Conversion; and (iv) as to Count IV, Defendant's actions constitute a violation of California law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    i. Using or attempting to use, any of CORSAIR's intellectual property, including, but not limited to, the CORSAIR Marks;

    ii. Advertising, selling, or taking any steps to sell, any products bearing the CORSAIR Marks in an improper manner;

   iii. Engaging in any activity constituting unfair competition with CORSAIR; and

   iv. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Award CORSAIR its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq.*;

C. Award CORSAIR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq.*;

D. Award CORSAIR exemplary and punitive damages in an appropriate amount;

E. Enter judgment that Defendant's acts of infringement have been knowing and willful;

F. Award CORSAIR its reasonable attorneys' fees in bringing this action as allowed by law;

G. Award CORSAIR pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H. Award CORSAIR the costs incurred in bringing this action; and

I. Award CORSAIR such other relief as this Court deems just and proper.

//
//

## **DEMAND FOR JURY TRIAL**

CORSAIR hereby requests trial by jury on all claims so triable.

Dated: June 3, 2025							K&L GATES LLP


							By:  */s/ K. Taylor Yamahata*
							     Jason N. Haycock
							     K. Taylor Yamahata

							     *Attorneys for Plaintiff*
							     Corsair Gaming, Inc. d/b/a CORSAIR